Dear Mayor D'Aquilla:
This office is in receipt of your recent request for an opinion of this office regarding the use of public funds for the improvement of private property in St. Francisville and West Feliciana Parish.
It is our understanding that the Town of St. Francisville has created the St. Francisville Economic Development Commission (the "Commission") for the purpose of economic development and tourism-related expenses within the Town and the Parish of West Feliciana. It is our further understanding that the activities of the Commission are funded, at least in part, from the St. Francisville Economic Development Fund created in the State Treasury, which consists of revenues collected by the state from sales taxes on sleeping accommodations provided by hotels. (See La. RS 47:301(14)(a) and 47:302.46).
You have advised that the Commission would like to use a portion of its funds as matching funds for facade grants and landscaping grants which would be awarded to private property owners to improve their facilities, in the hope of encouraging tourism. The Commission would like to operate the proposed program in a manner similar to the State program operated by the Department of Culture, Recreation and Tourism, known as the Main Street Facade Grant Program. Before embarking upon this program, however, you have requested our opinion as whether such a program would be allowed by law.
I am enclosing herewith a copy of Attorney General's Opinion No. 94-518A, which addresses an issue very similar to the one presented by your letter. Therein we opined that the Town of St. Martinville could not fund renovations or grants for renovations of privately owned buildings, either directly or through grants by an economic development corporation, as such expenditures are in violation of La. Const. Art. VII, Sec. 14.
Pertinently, that opinion states:
 "Although we have recently opined that the Office of Culture, Recreation and Tourism ("CRT") can grant funds for historic renovation projects (Opinion No. 95-209), we note that CRT has specific statutory authority for a program for the "preservation, maintenance and restoration of historic buildings and monuments" at R. S. 25:802(B). We are unaware of any similar grant of statutory authority to municipalities. Without such authority, an expenditure of public funds by the Town of St. Martinville for the benefit of privately owned properties (even "historic buildings") cannot be said to be "sanctioned", or "authorized by law" or "in the discharge of a legal duty" in accordance with City of Port Allen v. Louisiana Municipal Risk Agency, 439 So.2d 399 (La. 1983). That decision determined that Art. VII, Sec. 14 is violated whenever the state or a political subdivision seeks to give up something of value when it is under no obligation to do so.
 "Please note that this opinion is not an indication of our disapproval of the Town's efforts to improve itself and its environs. On the contrary, this office is supportive of all municipal improvement projects. However, we note that the worthiness of the contemplated use of public funds is immaterial to the constitutionality of a transfer of public funds. See: James v. Rapides Parish Police Jury, 113 So.2d 88 (La.App. 2nd Cir. 1959) which interpreted a constitutional provision almost identical to the present Art. VII, Sec. 14."
Consistent with the opinion expressed in Attorney General's Opinion No. 94-518A, we are constrained to opine that the St. Francisville Economic Development Commission cannot use public funds as matching funds for facade grants and landscaping grants which would be awarded to private property owners to improve their facilities.
We trust the foregoing to be of assistance to you, the Town of St. Francisville and the St. Francisville Economic Development Commission. If this office can be of assistance in other areas of the law, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: JEANNE-MARIE ZERINGUE BARHAM 
Assistant Attorney General
JMZB/sam